**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNIS REID EIDSON,

      Plaintiff-Appellant,

    v.

MICHAEL BURRAGE, doing
business as United States District
Judge; H. DALE COOK, doing
business as United States District
Judge; STEPHEN LEWIS, doing
business as United States Attorney;
DAVID E. O'MEILIA, doing business
as United States Attorney; ALLEN
LITCHFIELD, doing business as
United States Attorney; TIFFANY
HARPER, doing business as Financial
Litigation Agent; SHANNON W.
PHELPS, doing business as Case
Manager, Seagoville FCI; DALE
EBERLE, doing business as Drug Task
Force Agent; and SERGEANT
VALENTINE, doing business as Tulsa
County Deputy Sheriff,

      Defendants-Appellees.

No. 04-5071

(N. D. of Okla.)

(D.C. No. CV-03-758-K)

**ORDER AND JUDGMENT** *

---

    * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. [**]

Dennis R. Eidson, Plaintiff-Appellant, brought a civil suit against government officials under the Racketeer Influenced and Corrupt Organizations Act. After the district court dismissed his action, he moved to alter the judgment under Rule 59(e). The court converted the motion to one seeking relief from a judgment under Rule 60(b) because Eidson failed to timely file his motion. The court then denied the motion. Thereafter, Eidson moved the court to reconsider its conversion and denial of his motion. The court denied the motion. Eidson appeals the dismissal of his claims, the conversion and denial of his motion to alter the judgment and the denial of his motion to reconsider the denial of his motion to alter the judgment. We affirm and dismiss this appeal as frivolous.

BACKGROUND

Eidson, who is currently serving a 120-month sentence for manufacturing marijuana, was granted leave to file a civil complaint *in forma pauperis* . His complaint asserted that various government officials violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, et seq., by

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

illegally seizing his marijuana crop and arresting and convicting him. Eidson supports his claims by arguing, *inter alia*, that sections of the United States Code regulating and prohibiting drugs such as marijuana "were not . . . enacted into law." Although the district court declared Eidson's arguments frivolous, it did not dismiss his claims for that reason. Instead, the court found Eidson failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and improperly sought monetary relief from defendants immune from such relief in violation of 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

After the court dismissed Eidson's claims, he filed a motion under Rule 59(e) to alter the judgment. The district court found that Eidson failed to file the motion within the prescribed ten day period, *see* Fed. R. Civ. P. 59(e), and thus construed it as a Rule 60(b) motion for relief from judgment. Finding that the errors complained of did not entitle Eidson to relief, the court denied the motion. Eidson then filed a motion seeking reconsideration of the denial of his motion to alter the judgment. The court found no error in either the conversion of Eidson's Rule 59(e) motion into a Rule 60(b) motion or denial of the motion.

Eidson now appeals the dismissal of his claims, the conversion and denial of his motion to alter the judgment and the denial of his motion to reconsider the denial of his motion to alter the judgment.

DISCUSSION

## 1. Dismissal of Eidson's Complaint

We review de novo claims dismissed under § 1915(e). *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (finding that dismissal under § 1915(e) are akin to dismissals under Rule 12(b)(6), which require de novo review).

Eidson argues that the seizure of his marijuana plants and his subsequent arrest and conviction were illegal because no "bona fide contract binding [him] into the criminal maritime jurisdiction" of the United States was entered into evidence. Eidson concluded that because his trial took place under the "yellow fringe flag" of a foreign jurisdiction, it resulted in an invalid conviction. We agree with the district court that these arguments are "indisputably meritless," fail to state a claim upon which relief can be granted, and impermissibly seek monetary relief from persons immune from such relief.

First, Eidson failed to plead the necessary elements of a RICO claim, namely that an organized enterprise caused an injury to his business or property. *See Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998); *United States v. Rogers*, 89 F.3d 1326, 1337 (7th Cir. 1996); *and* 18 U.S.C. § 1964(c). Eidson's claims do not describe or identify a RICO enterprise, nor do they allege any injury

to his business or property occurred as a result of actions taken by a criminal enterprise.

Second, Eidson's claims impermissibly sought to undermine the validity of his conviction. In *Heck v. Humphrey*, the Supreme Court found that a prisoner cannot bring a civil action that undermines the validity of the conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a . . . writ of habeas corpus." 512 U.S. 477, 486-87 (1994). Eidson's civil suit questions the authority and ability of government authorities to arrest and prosecute him and is thus invalid. Therefore, the court did not err in dismissing the suit for failure to state a claim under § 1915(c)(2)(B)(ii).

Eidson's claims were properly dismissed because they sought monetary relief against government officials immune from such relief in violation of 28 U.S.C. §§ 1915(b)(2)(B)(iii) and 1915A(b)(2). Appellants Burrage and Cook enjoy absolute immunity in all but the rarest of circumstances because they are federal judges. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Eidson's Complaint alleges the judges improperly issued warrants, accepted evidence, and applied the law. These are judicial actions and cannot be the basis for a civil action such as Eidson's. *See id.* Appellants Lewis, O'Meilia, and Litchfield are prosecutors immune from any civil suit based on their performance of functions

"intimately associated with the judicial phase of the criminal process." *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). Eidson asserts they are liable for presenting evidence and enforcing the law against Eidson. These actions were "intimately associated with the judicial phase of the criminal process." *Id.* Even construing Eidson's Complaint in the most favorable light, we find the district court did not err in dismissing his claims against persons immune from suit.

## 2. Denial of Motion to Amend

We review the district court's determination that Eidson failed to comply with Rule 59(e) for an abuse of discretion. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). We also review for abuse of discretion the denial of Rule 59(e) or 60(b) motion. *See id; Servants of Paraclete v. Doe*, 204 F.3d 1005, 1009 (10th Cir. 2000) (Rule 60(b) motion).

A motion to amend a judgment must be filed within ten days after the entry of a final judgment. Fed. R. Civ. P. 59(e). A motion filed after the ten day period is considered a motion seeking relief from judgment under Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The court entered its order dismissing Eidson's Complaint on February 12, 2004. Due to holidays and weekends, Eidson had until February 27 to file his motion. *See* Fed. R. Civ. P. 6(a). Eidson filed his Motion to Amend on March 1,

-6-

2004. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (establishing the "prisoner mailbox rule" whereby a filing submitted by a *pro se* prisoner is deemed filed on the day it is delivered to prison authorities for mailing). Therefore, Eidson failed to timely file his motion. As a result, his motion became a Rule 60(b) motion. *See Skiver*, 952 F.2d at 1243.

Eidson argues that his motion was timely submitted because he did not receive the judgment until February 23, 2004. However, the rule makes clear that the time limit is calculated from the date the order is entered. Fed. R. Civ. P. 59(e). Thus, the date Eidson received the order is irrelevant. What is more, Eidson failed to submit his motion in a timely manner even though he received the order four days before the ten days expired. Therefore, the court did not err in construing Eidson's motion as a Rule 60(b) motion or in denying Eidson's motion to reconsider the denial of his motion to alter the judgment.

Having determined that the court did not err in construing Eidson's motion as one seeking relief from a judgment pursuant to Rule 60(b), we turn to the question of whether the court properly denied the relief sought. Eidson's motion does not entitle him to relief because none of his allegations fall within any of the categories set forth in Rule 60(b). For example, Eidson argues that the federal government invaded his state without authority and applied unconstitutional laws. Eidson also argues that his RICO claims did describe an enterprise, but he only

sets forth conclusory statements such as "upon information and belief Michael Burrage runs the RICO enterprise at a local level." Neither these arguments, nor any others contained in the motion, entitle Eidson to relief under Rule 60(b).

### 3. This Appeal is Frivolous

An appeal *in forma pauperis* may be dismissed "if the court determines that [it] is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if "it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).

Eidson's appeal is not based in law or fact. In regard to the conversion of his Rule 59(e) motion into a Rule 60(b) motion, he argues, "Surely there are exceptions to this 10-day rule for extenuating circumstances beyond our control, for example those of us in prison who do not have adequate or proper or even normal access to the courts." In this case, there are not. In addition, Eidson stands on the claims and arguments set forth in his Complaint and Rule 59(e) motion. The district court already dismissed the claims and denied the motion. Eidson's reliance on arguments and facts that could not survive the earliest and easiest tests in the litigation process exemplifies the frivolity of this appeal. Eidson asserts no argument based in law or fact as to why we should reverse the district court's orders. Therefore, we dismiss this appeal as frivolous.

CONCLUSION

Eidson's civil claims against Appellants were properly dismissed because they failed to state a claim upon which relief could be granted and they were asserted against persons immune from monetary relief. Therefore, we affirm the district court's dismissal of his claims.

In addition, we dismiss this appeal as frivolous because none of the arguments asserted by Eidson are based in law or fact. We remind Eidson that the frivolity of this appeal counts as a strike against him under 28 U.S.C. § 1915(g) and that he is to continue to make partial payments until the fees incurred from the filing of his Complaint and this appeal are paid in full.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge