**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CURTIS V. MOORE,

      Plaintiff - Appellant,

v.

RONNIE MORRIS, Head of
Operations, Atoka Highway &
Maintenance; OKLAHOMA STATE
DEPARTMENT OF
TRANSPORTATION,

      Defendants - Appellees.

No. 04-6140

(W.D. Oklahoma)

(D.C. No. CIV-03-1754-M)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to decide this case on the briefs without oral argument. *See* FED. R.

APP. P. 34(f); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted

without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

## I.    Background

Pursuant to 42 U.S.C. § 1983 and proceeding in forma pauperis, Plaintiff-Appellant pro se Curtis V. Moore filed a complaint against Defendants-Appellees Ronnie Morris and the Oklahoma Department of Transportation (ODOT).  Mr. Moore alleged that the conditions of his confinement violated his Eighth Amendment rights.  According to the complaint, while Mr. Morris was supervising Mr. Moore on a prison transportation work-crew, he referred to Mr. Moore with a racial epithet.  The magistrate judge recommended that the district court dismiss the case because Mr. Moore sought relief from the ODOT, an immune defendant, and because he failed to state a claim upon which relief could be granted.  The district court considered Mr. Moore's timely objections to the magistrate judge's report and recommendation and agreed with the magistrate judge in all respects.

Our jurisdiction arises under 28 U.S.C. § 1291.  Although Mr. Moore failed to exhaust his administrative remedies, we affirm the district court's sua sponte dismissal because his complaint seeks monetary relief from a defendant who is immune and otherwise fails to state a claim upon which relief may be granted.

## II.    Analysis

We review de novo both the district court's decision to dismiss Mr. Moore's claims as barred under the Eleventh Amendment, *see Robinson v.*

*Kansas*, 295 F.3d 1183, 1188 (10th Cir. 2002), and the district court's order dismissing his case for failure to state a claim, *see Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

The magistrate judge concluded that Mr. Moore's claim for monetary damages against ODOT were barred by the Eleventh Amendment and should be dismissed upon initial review. We agree with the district court's adoption of this analysis with respect to Mr. Moore's claim for damages against ODOT. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (holding that the Eleventh Amendment bars claims for damages against entities that are instrumentalities or arms of a state). We thus affirm the dismissal of Mr. Moore's claims for damages against the ODOT.

Mr. Moore's sole complaint against Mr. Morris is that Mr. Morris verbally abused him with a racial epithet. If the alleged conduct occurred, it is inexcusable and offensive; it does not, however, amount to a constitutional violation, as the Magistrate Judge noted. *See* Report and Recommendation at 6 (citations omitted). Perhaps situations exist in which verbal abuse might amount to cruel and unusual punishment, but this matter does not present such a situation. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Collins v. Cundy*, 603 F.2d

825, 827 (10th Cir. 1979) (holding that a sheriff's threats to hang a prisoner were insufficient to state constitutional deprivation under § 1983). Similarly, Mr. Moore's allegation that the verbal abuse caused him embarrassment and emotional injury in the form of pain, suffering, mental stress, and depression does not constitute an actionable claim. Mental or emotional stress, without physical injury, is insufficient to state a § 1983 claim based on conditions of confinement. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("As to [plaintiff's] claim for emotional distress, no § 1983 action can be brought unless the plaintiff has suffered physical injury in addition to mental and emotional harms.") (citing 42 U.S.C. § 1997e(e)). We therefore also affirm the district court as to Mr. Moore's claims against Mr. Morris.

Finally, because Mr. Moore has appealed the district court's dismissal to this court and we hereby affirm, the district court's dismissal counts as a "prior occasion" or "strike" for purposes of 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal. . . . If

-4-

we affirm a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal then counts as a single strike.").

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court in all respects. Mr. Moore's motion to proceed without prepayment of the filing fee is granted; he is obligated to continue making payments until the entire fee has been paid. Because this Order and Judgment disposes of Mr. Moore's appeal in its entirety, we DENY all outstanding motions.

Entered for the Court,

Robert H. Henry
Circuit Judge