**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

PATRICK RAMIREZ,

     Plaintiff - Appellant,

v.

SANTA FE COUNTY ADULT
DETENTION CENTER,

     Defendant - Appellee.

No. 05-2021
(D. New Mexico)
(D.Ct. No. CIV-04-627 JB/DJS)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Patrick Robert Ramirez, appearing *pro se* and *in forma pauperis* (*IFP*),[1] filed this section 1983 action seeking damages and injunctive relief based upon conditions of his confinement. The district court determined he failed to adequately allege exhaustion of administrative remedies and issued an order to show cause why it should not dismiss his complaint. Ramirez responded by filing several supplemental pleadings, which were inadequate.[2] The district court determined Ramirez had "submitted his grievances after filing his Complaint and thus did not comply with the statute's exhaustion requirement" and dismissed his complaint without prejudice under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA).[3] (R. Doc. 30 at 2.) Rather than refile after documenting full exhaustion of administrative remedies, he has appealed from the district court's order.[4]

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Ramirez filed supplemental materials indicating he had filed grievances with prison officials *after the present action was initiated*. After-filed grievances are insufficient to satisfy the exhaustion pleading requirement.

[3] 42 U.S.C. § 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

[4] Although the district court dismissed Ramirez's complaint without prejudice, we have jurisdiction over this appeal because the dismissal disposed of the entire case.

In his filing with this Court, Ramirez argues the merits of his case without any meaningful discussion of exhaustion, the primary basis of the district court's decision. Moreover, he merely quarrels with the district court's conclusions in a summary and conclusory fashion, without citation of authority or record references. Ramirez's appeal is "without merit in that it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). This dismissal of Ramirez's appeal as frivolous counts as a strike pursuant to 28 U.S.C. § 1915(g). Ramirez is reminded that if he accrues three strikes, he will no longer be able to proceed *IFP* in any civil action filed in a federal court unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

We DISMISS the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

*Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). We have previously entertained appeals from district courts' dismissals of claims without prejudice for failure to exhaust under the PLRA. *See, e.g., Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).