**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES ROUTSON,

       Plaintiff - Appellant,

v.

SCOTT V. CARVER; CHRISTINE
MITCHELL; ANNABELLE
BROUGH; LOWELL H. CLARK;
BEVERLY THOMAS; CRAIG BURR;
DENNIS SORENSEN; BRANDON
BURR; LAURA MUMFORD; DEVON
BLOOD; GARY LARSON; HEIDI
JOHNSON; WADE GEE; THOMAS
HAZEN; LINDA PETERSON;
POLLY MARTINEZ; MARSHA
PETERSON; WESLEY
ARNOLDSON; CINDA CARTER;
LAW FIRM OF OTTO & MCBRIDE,

       Defendants - Appellees.

No. 05-4304
(D. Utah)
(D.Ct. No. 2:05-cv-771-PGC)

**ORDER AND JUDGMENT** [*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Charles Routson, a Utah state inmate appearing *pro se*,[1] filed a 42 U.S.C. § 1983 complaint in the United States District Court for the District of Utah against various prison officials alleging they violated his Eighth and Fourteenth Amendment rights when they placed him in a special housing unit and reduced his privileges based on his refusal to participate in a substance-abuse program. He also alleged a violation of his right of access to the courts. Although Routson exhausted his administrative remedies concerning his Eighth and Fourteenth Amendment claims, he did not do so on his right of access claim. Therefore, following circuit precedent, the district court correctly dismissed Routson's complaint without prejudice.[2] *See Ross v. County of Bernalillo*, 365 F.3d 1181,

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] In the conclusion of the district court's dismissal order, it provides: "IT IS THEREFORE ORDERED that this complaint is dismissed." (R., Doc. 12 at 3.) Normally, if a court fails to specify whether a dismissal is with or without prejudice, the dismissal "operates as an adjudication on the merits." FED. R. CIV. P. 41(b); *see also Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005). However, a dismissal based on lack of exhaustion should ordinarily be without prejudice. *Fitzgerald*, 403 F.3d at 1139. Nevertheless, "[u]nder certain circumstances, a district court may, notwithstanding failure to exhaust, proceed to the merits of the claim and dismiss with prejudice if it concludes a party would be unsuccessful even absent the exhaustion issue." *Id.*; *see* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous,

1189 (10th Cir. 2004) (holding that Prison Litigation Reform Act contains a total exhaustion requirement; therefore, the presence of an unexhausted claim in an inmate's complaint requires dismissal without prejudice of the entire complaint).

On appeal, Routson does not claim any error on the part of the district court. In fact, he concedes the court applied the proper law and its decision was warranted. Rather, Routson informs us he wishes to redact the unexhausted claim from his complaint. With the unexhausted claim redacted, he states we should reverse and remand to allow him to proceed on the exhausted claims. He is too late — Routson should have amended his complaint prior to its dismissal in the district court. In the alternative, Routson could have filed a new suit without the unexhausted claim in the district court.

Because "it lacks an arguable basis in either law or fact," Routson's appeal

_____

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). Therefore, in failure to exhaust cases where the court fails to specify whether its dismissal is with or without prejudice, "we vacate and remand for the court below to either modify its opinion to specify that the dismissal is without prejudice, or make a determination on the merits within its permissible scope to do so under 42 U.S.C. § 1997e(c)(2)." *Fitzgerald*, 403 F.3d at 1140. While the district court did not indicate in its conclusory statement that the dismissal was without prejudice, in the sentence immediately preceding that statement, it quoted the following from *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004): "The presence of [any] unexhausted claims in [Plaintiff's] complaint require[s this Court] to dismiss his action in its entirety without prejudice." (*Id.* at 3.) Consequently, we conclude the district court's dismissal was without prejudice and a remand for clarification is unnecessary. Moreover, although the dismissal was without prejudice, we have jurisdiction over this appeal because the dismissal disposed of the entire case. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001).

is DISMISSED as frivolous. *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). His motion to proceed *in forma pauperis* (*ifp*) on appeal is DENIED AS MOOT. He was granted permission to proceed *ifp* in the district court. Since the district court did not certify in writing that the appeal was not taken in good faith (28 U.S.C. § 1915(a)(3)) his *ifp* status continues in this court without further order.[3] *See* FED. R. APP. P. 24(a)(3). He is reminded to continue making partial payments of his appellate filing fee until the entire balance is paid.

Routson has accumulated two strikes in this matter. The dismissal of this appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g). He also accumulated a strike as a result of the district court's dismissal. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (a dismissal based on lack of exhaustion may constitute a strike for purposes of § 1915(g))*, cert. denied*, 543 U.S. 925 (2004). Routson is reminded that if he accrues three strikes, he will no longer be able to proceed *ifp* in any civil action filed in a federal court unless he is in imminent danger of serious physical injury.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[3] The district court did not act on Routson's motion to proceed *ifp* on appeal.

-4-