82 F.3d 426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tanislado MARTINEZ, Plaintiff-Appellant,
v.
CITY OF CLINTON POLICE DEPARTMENT; Brian Rizzi; Michael D.
Davenport, jointly and severally, Defendants-Appellees.
 No. 95-6186.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 BRISCOE, Circuit Juge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Tanislado Martinez appeals from the district court's order dismissing his civil rights complaint pursuant to 42 U.S.C.1983 and Oklahoma public policy. We have jurisdiction[2] and affirm.
 
 
 4
 On August 2, 1991, a bartender was severely beaten at the Blue Pig Bar in Clinton, Oklahoma. On January 21, 1992, Clinton police officers Brian Rizzi and Michael D. Davenport questioned plaintiff at the Clinton police department concerning the beating. Two days later, the officers travelled to Oklahoma City, arrested plaintiff,[3] and took him to an Oklahoma City state police facility, where they again questioned him about the beating and he confessed.
 
 
 5
 Plaintiff filed this action on January 6, 1995, almost three years after his arrest and interrogation. He asserts the officers violated his civil rights by arresting him in Oklahoma City, which was outside of their jurisdiction. See, e.g., Phipps v. State, 841 P.2d 591, 593 (Okla.Crim.App.1992). In dismissing plaintiff's complaint, the district court found that plaintiff's arrest by the officers was a valid citizen's arrest of plaintiff. On rehearing, the court also found that plaintiff's 1983 claim was barred by the applicable statute of limitations. We agree that plaintiff's claim is barred by the statute of limitations; therefore, we need not determine whether plaintiff's arrest was a lawful citizen's arrest.
 
 
 6
 Defendants submitted materials in support of their motion to dismiss which were not excluded by the district court. Therefore, we will treat the district court's order of dismissal as a grant of summary judgment for defendants. See Fed.R.Civ.P. 12(b). "We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c)." Ingels v. Thiokol Corp., 42 F.3d 616, 620 (10th Cir.1994)(citing Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990)). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 For plaintiff's 1983 claim, we borrow Oklahoma's general two-year limitations statute for "an action for injury to the rights of another." See Okla. Stat. Ann. tit. 12, 95(3); Meade v. Grubbs, 841 F.2d 1512, 1523-24 (10th Cir.1988). Federal law governs the accrual of claims under 1983. See Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir.1993). Such claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991) (citations omitted). Claims arising out of police actions toward a criminal suspect, such as arrest or interrogation, are presumed to have accrued when the actions actually occurred, absent any showing that plaintiff was unaware of his injuries at the time of the police actions which allegedly caused them. Id.
 
 
 8
 To know or have reason to know of his injury, a plaintiff need not know all the evidence on which he will ultimately rely. See Baker, 991 F.2d at 632. Furthermore, he need not be aware that his injury may give him a cause of action against defendants. See United States v. Kubrick, 444 U.S. 111, 122-23 (1979). Rather, a plaintiff's mere knowledge that he has been injured creates a duty to inquire further as to his legal rights and the facts which may support a cause of action. Id.
 
 
 9
 The record contains evidence that plaintiff knew or should have known at the time of his arrest that the officers were Clinton police officers and were arresting him outside of their jurisdiction. The officers had questioned plaintiff about the same crime at the police station in Clinton only two days before his arrest. Moreover, prior to accepting plaintiff's confession, the officers identified themselves on tape as Clinton police officers investigating a crime which occurred in Clinton.
 
 
 10
 Plaintiff has produced no evidence to support his argument that he was not aware of his injury until the preliminary examination in his criminal case.[4] He submitted lengthy portions of the preliminary examination transcripts in response to defendants' motion, apparently to show that some of the questions his counsel asked may have had relevance to the scope of the officers' jurisdiction. However, these transcripts do not show specific facts concerning what plaintiff knew, and when he knew it.
 
 
 11
 The evidence is consistent with our presumption that plaintiff knew or had reason to know of his injury at the time of his arrest. Plaintiff produced no evidence to the contrary in response to defendants' motion for summary judgment. There is no material fact in dispute on the statute of limitations question.
 
 
 12
 Plaintiff also argues the statute of limitations should be tolled because he could not obtain discovery in the criminal action until the preliminary examination, citing Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir,.1994). He admits, however, there were no "affirmative acts or active deception by [defendants] to conceal the facts giving rise to [his] claim." Id. Plaintiff's argument is without merit.
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 14
 The district court dismissed plaintiff's pendent claim under Oklahoma public policy for failure to state a claim. Plaintiff has not appealed from this dismissal and makes no argument concerning this claim on appeal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After the district court entered its order of summary judgment, plaintiff filed an untimely motion for reconsideration. Plaintiff then filed his notice of appeal from the denial of this motion, more than thirty days after the entry of the order of summary judgment. We note, however, that no separate document setting forth the judgment pursuant to Fed.R.Civ.P. 58 was entered in the district court. Plaintiff's waiver of this requirement cannot be used to defeat the jurisdiction of this court. See Clough v. Rush, 959 F.2d 182, 186 (10th Cir.1992). Moreover, remand for entry of a Rule 58 document would be inappropriate and futile. Id. We therefore conclude that we have jurisdiction over plaintiff's appeal
 
 
 [3]
 Plaintiff contends that he was not under arrest until after he confessed to the crime. This is not a material issue of fact which would preclude the entry of summary judgment
 
 
 [4]
 Plaintiff also argued in the district court, and in his reply brief in this court, that until the preliminary examination, he could reasonably have believed that the officers were acting with the permission of the Oklahoma City police department (and thus, within their authority) in arresting him. He cited no authority for this proposition. Okla. Stat. tit. 11, 34-103 does allow one Oklahoma jurisdiction to "loan" police officers to another jurisdiction. It has been noted that under this provision, an officer may make an arrest outside his jurisdiction. Phipps, 841 P.2d at 593. There is no evidence here, however, that plaintiff had any reason to believe that the officers were "on loan" to the Oklahoma City police department within the meaning of this statute