F I L E D
United States Court of Appeals
Tenth Circuit

MAY 14 2002

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TERRY D. THOMPSON,

     Plaintiff - Appellant,

v.

GARY GIBSON, Warden; JIMMY
MARTIN; KATHY ECKENRODE, in
their official or individual capacities,

     Defendants - Appellees.

No. 01-7134

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 99-CV-174-S)

---

Submitted on the briefs:[*]

Terry D. Thompson, Pro Se.

Tracy Folsom Milner, Assistant Attorney General, Oklahoma City, Oklahoma, for
Defendants - Appellees.

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore
is ordered submitted without oral argument.

**KELLY**, Circuit Judge.

Plaintiff-Appellant Terry D. Thompson, a state inmate appearing pro se, appeals from the district court's order dismissing his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal as frivolous.

Background

Mr. Thompson is currently serving a sentence of 2000 years and is incarcerated at the Oklahoma State Penitentiary ("OSP"). Mr. Thompson brings this action under 42 U.S.C. § 1983 seeking monetary damages and injunctive relief for alleged Eighth and Fourteenth Amendment violations occurring during his incarceration at OSP. The Defendants are: Gary Gibson, OSP Warden; Jimmy Martin, OSP Unit Manager; and Kathy Eckenrode, OSP Health Services Administrator. Mr. Thompson has three claims: (1) Defendants are violating the Eighth Amendment by subjecting the Plaintiff to cruel and unusual punishment through their deliberate indifference to the Plaintiff's serious medical need for adequate portions of food; (2) Defendants are violating the Eighth Amendment through their deliberate indifference to the psychological torture of hearing the crackling sounds of food packages being opened by other inmates; and, (3) Defendants are violating the Fourteenth Amendment's Equal Protection Clause

through deliberate indifference to Plaintiff's current condition caused by privileged inmates getting a supplemental diet through the canteen, because they have money to make purchases while Plaintiff is disadvantaged by hunger and poverty. R. Doc. 2.

The district court directed the Oklahoma Department of Corrections ("DOC") to prepare a special report in accordance with <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978). R. Doc. 12. The DOC filed the <u>Martinez</u> report on October 12, 1999. R. Doc. 13. Both the Defendants and the Plaintiff subsequently filed motions for summary judgment. R. Docs. 14 and 20. Finding that Mr. Thompson had failed to exhaust his administrative remedies in regard to injunctive relief and that his claims were without merit in regard to monetary damages, the district court dismissed his claims as frivolous on April 30, 2001. R. Doc. 24. A separate Fed. R. Civ. P. 58 judgment was not entered. Mr. Thompson filed a motion to reconsider on May 17, 2001, R. Doc. 25, which was denied by the district court in a minute order on July 12, 2001. Doc. 26. Plaintiff filed a notice of appeal on August 23, 2001 appealing from the district court's order of April 30, 2001. R. Doc. 27.

<u>A. Absence of a Separate Judgment and Timeliness of Appeal</u>

Fed. R. Civ. P. 58 states, in pertinent part, "[e]very judgment shall be set forth on a separate document." The time to appeal runs from entry of the Rule 58

- 3 -

judgment. Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978). In certain cases, we have construed formulary orders as judgments when intended as final judgments, Clough v. Rush, 959 F.2d 182, 186 (10th Cir. 1992), but doing so here would result in Mr. Thompson's appeal being untimely. Notwithstanding, Rule 58 should be interpreted to preserve an appeal where possible, and the lack of a final judgment entered in this case means that the time for filing a notice of appeal has yet to run. See Banker's Trust, 435 U.S. at 386 (rule should be interpreted to preserve appeal). We thus have jurisdiction over this appeal. See McCalden v. California Library Assoc., 955 F.2d 1214, 1218 (9th Cir. 1992) (finding that the separate document rule must be mechanically applied or else a party will not ordinarily be found to have exceeded any of the time periods); United States v. Kansas City, 761 F.2d 605, 607 (10th Cir. 1985); Hassan v. Allen, No. 97-4005, 1998 WL 339996, at *3-5 (10th Cir. June 24, 1998) (finding jurisdiction under similar facts); Martinez v. City of Clinton Policy Dep't, 82 F.3d 426, 1996 WL 167741, at *1 n.2 (10th Cir. Apr. 10, 1996) (same), Crislip v. Shanks, No. 94-2221, 1996 WL 156757, at *1-2 (10th Cir. Apr. 4, 1996) (same).

As we have done in the past, we again stress the importance of district courts abiding by Rule 58 and routinely entering a final judgment on a separate document when all outstanding issues are resolved. See Hassan, 1998 WL 339996, at *4. We note that preparing and entering a judgment is a ministerial

task that can be easily and routinely performed by the Clerk of the Court or his deputies.  See AO Form 450 (Judgment in a Civil Case), available at http://156.119.80.10/library/aoforms/contents.html#ao400

B.  Exhaustion of Administrative Remedies

We can uphold the district court's decision on any ground legally supported by the record.  United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994). Because the issues concerning administrative exhaustion raise factual issues not readily resolved on the record, we do not address them.[1]  Instead, we follow the district court on the merits of Mr. Thompson's claims.  Additionally, because Mr. Thompson's claims are frivolous, it would be pointless to remand.

C.  Merits

1. Eighth Amendment Violation

A prison must provide adequate food and medical care to inmates, Farmer v. Brennan, 511 U.S. 825, 832 (1994), and the food must be "nutritionally adequate."  Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980).  A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment.  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983).

---

[1] Additionally, Mr. Thompson has failed to identify how the district court erred in determining that he had failed to exhaust his administrative remedies.

Mr. Thompson contends that the Defendants are deliberately indifferent (subjective component) to his serious medical needs (objective component) in failing to provide him with double portions of food.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  One doctor approved double portions on September 21, 1998; another doctor discontinued them on December 12, 1998.

A medical need is serious if it has been diagnosed by a doctor, or if it would be obvious to a layperson that doctor intervention was needed.  Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotations omitted).  While the need for a special diet that is medically necessary could be the objective basis for a claim, see Byrd v. Wilson, 701 F.2d 592, 594-95  (6th Cir. 1983), Mr. Thompson has failed to come forward with a genuine issue of material fact concerning his Eighth Amendment claim.  The Martinez report establishes that the facility is providing Mr. Thompson a nutritionally adequate diet.  See Doc. 13, Attachment F-H.  The fact that Mr. Thompson was provided double portions for a temporary period at most establishes a medical difference of opinion, which is not actionable under the Eighth Amendment.  See Estelle, 429 U.S. at 106; Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).

As to Mr. Thompson's claim for emotional distress, no § 1983 action can be brought unless the plaintiff has suffered physical injury in addition to mental and emotional harms.  42 U.S.C. § 1997e(e); see also Perkins v. Kansas Dep't of

Corr., 165 F.3d 803, 807 (10th Cir. 1999). No such showing has been made here.

2. Equal Protection Violation

The Equal Protection Clause of the Fourteenth Amendment dictates that "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. This Clause embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly. Crider v. Bd. of County Comm'rs, 246 F.3d 1285, 1288 (10th Cir. 2001) (citations omitted). Mr. Thompson does not claim that the Defendants treated him differently because of any suspect classification and has not proven that the distinction between himself and the other inmates was not reasonably related to some legitimate penological purpose. Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994). Furthermore, there is no constitutional right to purchase food from the canteen.

Based on the above, we agree with the district court that Mr. Thompson's complaint is without merit in that it lacks an arguable basis in either law or fact. We dismiss his appeal as frivolous for substantially the same reasons given by the district court. This court's dismissal of Mr. Thompson's appeal as frivolous counts as a strike pursuant to 28 U.S.C. § 1915(g). The district court's dismissal of his complaint also counts as a strike. Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the

appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."). Mr. Thompson is reminded that if he accrues three strikes, he will no longer be able to proceed in forma pauperis in any civil action filed in a federal court unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

We remind Mr. Thompson that he must continue making partial payments until the entire balance of the appellate filing fee is paid.

DISMISSED.