FILED
United States Court of Appeals
Tenth Circuit

July 16, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENAD ABIODUN,

        Plaintiff - Appellant,

v.

JEFFERSON COUNTY,

        Defendant - Appellee.

No. 08-1026

(D. Colorado)

(D.C. No. 07-CV-2699-ZLW)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff-Appellant, Benad Abiodun filed a complaint pursuant to 42 U.S.C.

§ 1983 against Jefferson County, Colorado asserting claims arising from his state

prosecution, conviction, and incarceration for possession and distribution of a

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

controlled substance. *See People v. Abiodun*, 111 P.3d 462, 464 (Colo. 2005). Purporting to rely on his Fourteenth Amendment right to due process, Abiodun claimed Jefferson County's failure to act on the mandate issued by the Colorado Supreme Court on May 31, 2005, has caused him to suffer numerous harms. Abiodun sought relief in the form of an injunction compelling Jefferson County to comply with the mandate. The district court dismissed Abiodun's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), concluding the claims he sought to bring are legally frivolous because, *inter alia*, he cannot obtain the relief he seeks from the defendant, Jefferson County. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (holding that an action is frivolous under § 1915(e)(2)(B)(i) if "the claim [is] based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions").

The matter is before this court on Abiodun's appeal of the district court's order of dismissal and his request to proceed on appeal *in forma pauperis*. Like the district court, we construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). After careful review of Abiodun's appellate brief and the entire appellate record, it is absolutely clear that Abiodun cannot obtain the relief he seeks from the defendant, Jefferson County. Accordingly, Abiodun's appeal is "without merit in that it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). We **dismiss** the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dismissal of Abiodun's appeal as frivolous counts as a strike against him, as does the district court's dismissal of his complaint. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). Thus, Abiodun has accumulated two strikes for purposes of the filing restrictions set out in 28 U.S.C. § 1915(g). We **deny** Abiodun's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and remind Abiodun that he is responsible for the immediate payment of any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge