FILED
United States Court of Appeals
Tenth Circuit

November 30, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LYNN E. SCOTT,

        Plaintiff- Appellant,

    v.

MR. TEKLU,

        Defendant - Appellee.

No. 10-1334

(D. Colorado)

(D.C. No. 1:10-CV-00903-ZLW)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Lynn E. Scott appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. Scott alleged he was deprived of the rights granted him by state law without due process when

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant, his state parole officer, failed to assist him in securing housing.[1] *See* Colo. Rev. Stat. § 17-22.5-403(8)(a) ("For persons who are granted parole . . . , the division of adult parole shall provide parole supervision and assistance in securing employment, housing, and such other services as may affect the successful reintegration of such offender into the community while recognizing the need for public safety."). Scott sought compensatory, equitable, and punitive damages for this alleged constitutional violation.

The district court concluded Scott's claim was legally frivolous because he failed to allege facts implicating a constitutionally protected life, liberty, or property interest. The court, accordingly, dismissed Scott's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (holding that an action is frivolous if "the claim [is] based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions" (quotations omitted)).

The matter is before this court on Scott's appeal of the district court's order of dismissal and his request to proceed on appeal *in forma pauperis*. Scott asserts Colorado law creates a protected liberty interest in being provided with housing assistance while on parole. *See* Colo. Rev. Stat. § 17-22.5-403(8)(a). After careful review of Scott's appellate brief and the entire appellate record, it is

_____

[1]Scott's original complaint also contained a retaliation claim that appears to implicate the state parole board. This claim was abandoned in Scott's amended complaint.

absolutely clear that the Colorado statute upon which Scott bases his claim does not create the liberty interest he asserts. Further, Scott concedes in his appellate brief that Defendant made arrangements for him at a local homeless shelter but he refused to go. Accordingly, Scott's appeal is "without merit in that it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). We **dismiss** the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dismissal of Scott's appeal as frivolous counts as a strike against him, as does the district court's dismissal of his complaint. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). Thus, Scott has accumulated two strikes for purposes of the filing restrictions set out in 28 U.S.C. § 1915(g). We **deny** Scott's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and remind him of his responsibility for the immediate payment of any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge