**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL KEITH REYES,

        Plaintiff - Appellant,

    v.

CENTRAL NEW MEXICO
COMMUNITY COLLEGE; LT. KEAR;
B. RODGERS; A. JARAMILLO; F.
GALLEGOS; M. PERKINS; LEE
CARRILLO; K. TROUNGE,

        Defendants - Appellees.

No. 10-2152

(D. New Mexico)

(D.C. No. 1:10-CV-00543-BB-RLP)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining Appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

adjudication of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Proceeding *pro se*, Appellant Paul Keith Reyes appeals the district court's dismissal of the claims raised in a 42 U.S.C. § 1983 complaint he filed on June 3, 2010. The claims arose from an incident at Central New Mexico Community College ("CNMCC"). Reyes went to the CNMCC campus to investigate the circumstances underlying his disenrollment. While on campus, Reyes got into an argument with an employee in the financial aid office. He alleges defendants Kear, Rodgers, Jaramillo, Gallegos, Perkins, and Trounge violated his Fourth Amendment rights when they temporarily detained him on campus and questioned him about the argument. Reyes's complaint also contained a breach-of-contract claim against CNMCC relating to its decision to disenroll him.

The district court concluded the claims against defendants Kear, Rodgers, Jaramillo, Gallegos, Perkins, and Trounge should be dismissed with prejudice because Reyes failed to state sufficient facts from which it could be concluded these defendants violated his constitutional rights. By Reyes's own admission, the argument in the financial aid office became contentious and nearly escalated to a physical altercation. The district court concluded that, under the conceded circumstances, the temporary investigative detention was reasonable and Reyes could not show a deprivation of his Fourth Amendment rights.[1] In addition to

_____

[1]Reyes's challenge was confined to the fact of the detention. He made no claim that the detention lasted longer than reasonably necessary to undertake the investigation or that the scope exceeded the underlying purpose. *See United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2009) ("Generally, an
(continued...)

concluding Reyes failed to state a claim for violation of his federal constitutional rights, the district court also concluded Reyes stated no facts establishing federal question or diversity jurisdiction over the breach-of-contract claim asserted against CNMCC. Accordingly, the court refused to exercise supplemental jurisdiction over that claim and dismissed it without prejudice. 28 U.S.C. § 1367(c)(3); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (concluding it is common practice for a district court to dismiss state law claims that are "no longer supplemental to any federal question claim").

On appeal, Reyes challenges both the dismissal of his constitutional claim and his breach-of-contract claim. This court conducts a *de novo* review of the dismissal of Reyes's Fourth Amendment claim. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). The *sua sponte* dismissal of a *pro se* complaint pursuant to § 1915(e)(2)(b)(ii) for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotation omitted). Even construing Reyes's complaint liberally and accepting the allegations therein as true, *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002), it is clear from the record before this court that Reyes cannot prevail on

----

[1](...continued)
investigative detention must last no longer than is necessary to effectuate the purpose of the stop.").

-3-

the facts alleged in his complaint and permitting him an opportunity to amend the complaint would be futile. The district court, thus, did not err by dismissing Reyes's Fourth Amendment claim with prejudice.

The district court's decision not to exercise supplemental jurisdiction over Reyes's contract claim is reviewed for abuse of discretion. *Nielander v. Bd of County Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009). The applicable statute clearly permits district courts to "decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c). We have concluded the district court properly dismissed Reyes's Fourth Amendment claim. Although Reyes argues the district court had original jurisdiction over his contract claim, we agree with the district court that he has failed to allege any facts to support that assertion. Accordingly, we conclude the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Reyes's contract claim.

Having considered Reyes's arguments, this court concludes his appeal is "without merit in that it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). We, thus, **dismiss** the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We **deny** Reyes's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and remind him of

-4-

his responsibility for the immediate payment of any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge