FILED
United States Court of Appeals
Tenth Circuit

August 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OLER ADAMS, JR.,

      Plaintiff-Appellant,

v.

JUSTIN JONES, Director, DOC;
DON SULTMILLER, Chief Medical
Officer; GENESE MCCOY, Medical
Administrative Review Auth.; EMMA
WATTS, Warden; RICKEY MOHAM,
Deputy Warden; BARBARA
CARSWELL, Health Services Admin.;
DEWAYNE HOWELL, Unit Mgr.,

      Defendants-Appellees.

No. 14-6059
(D.C. No. 5:10-CV-00920-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

Oler Adams, Jr., a state prisoner proceeding pro se, appeals the district court's

order granting summary judgment on his claims under 42 U.S.C. § 1983 for an

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alleged failure to provide adequate medical care and for conspiring to transfer him to another facility in retaliation for filing suit. He also appeals the court's denial of his motions for: (1) production of documents; (2) a physical examination; and (3) judgment on the pleadings. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

*Background*

Apparently Mr. Adams first injured his left ankle/foot in 1997 while playing softball. Over the next several years, he received treatment for the injury. In late May 2010, he was involved in a work-related incident in which he reinjured his left foot. He was seen initially by a nurse who advised him to ice the injury and take ibuprofen. She also excused him from work. A few days later, Mr. Adams was seen by a physician, who advised him to continue taking ibuprofen. He was approved for work – albeit sitting work only. On July 8, the physician again examined Mr. Adams's ankle, and noted it was weak and painful. As a result, he recommended that Mr. Adams should be examined by an orthopedic specialist. On July 26, Mr. Adams travelled to the Oklahoma University Medical Center for his appointment. Following x-rays and an examination, the orthopedist diagnosed Mr. Adams with arthritis. No further procedures were recommended. In August, Mr. Adams filed suit under § 1983 regarding an alleged lack of adequate medical care.

In March 2011, after he had filed suit, Mr. Adams was involved in a work-related incident involving a backhoe. According to the warden, Mr. Adams had been involved in at least two incidents while operating the backhoe that resulted in property damage and personal injuries to others. Prison officials determined that Mr. Adams should be transferred because of these incidents and his familiarity with the staff and facility. Shortly after his transfer in May, Mr. Adams amended his complaint to assert an additional claim under § 1983 in which he alleged the transfer was made in retaliation for filing suit.

All of the defendants involved in this appeal moved for summary judgment on the grounds that Mr. Adams failed to exhaust his administrative remedies.[1] The district court granted the transfer-claim defendants' (Emma Watts, Rickey Mohan, and Dewayne Howell) motion on that ground. The court denied the medical-claim defendants' (Don Sultmiller and Barbara Carswell), motion on that ground, but granted summary judgment on the merits of the claim.

*Summary Judgment*

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We examine the record to determine whether any genuine

---

[1] The other named defendants were previously dismissed.

- 3 -

issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Sealock*, 218 F.3d at 1209.

*Deliberate Indifference*

Mr. Adams argues the orthopedist's diagnosis of arthritis was incorrect because it "was solely based on X-rays" and made without reviewing his prison medical records. Aplt. Reply Br. at 1. However, negligence in diagnosis or treatment does not rise to a constitutional violation.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Such a claim has an objective and a subjective component. *See Seaalock,* 218 F.3d at 1209. Under the objective component, a plaintiff must prove that his alleged deprivation was "sufficiently serious." *Id.* "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). To satisfy the subjective component, a plaintiff must demonstrate that the defendant – the specific prison official – was aware of and ignored an excessive risk to the inmate's health or safety. *See Farmer*, 511 U.S. at 837; *Sealock*, 218 F.3d at 1209.

As to the objective component, the medical-claim defendants concede that Mr. Adams's ankle/foot injury was serious enough to require medical treatment. They maintain, however, that the district court properly determined that Mr. Adams failed to meet the subjective component. We agree. Negligence in diagnosis or treatment does not rise to a constitutional violation under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *see also Sealock*, 218 F.3d at 1211 (same).[2] Thus, summary judgment was proper.

*The Transfer*

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust his administrative remedies before bringing a suit for violation of his federally protected rights. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). A prison or prison system's regulations

---

[2] Although we do not understand Mr. Adams to base his claim on a disagreement with the diagnosis and/or treatment of his condition, to the extent that this is his argument, we reject it because a difference of opinion between an inmate and the medical staff as to the proper diagnosis or treatment of a condition is insufficient to establish a constitutional violation. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (holding the Eighth Amendment does not protect the right to a particular course of treatment); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("[A] medical difference of opinion . . . is not actionable under the Eighth Amendment.").

define the steps a prisoner must take to properly exhaust administrative remedies. *See Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). Generally, the failure to follow these regulations may result in failure to exhaust. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006). An exception is "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, [because] they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little*, 607 F.3d at 1250 (citation omitted).

Following his transfer, Mr. Adams filed a grievance directly with the warden of the prison from which he was transferred that concerned damage to his personal property that occurred during the move. Setting aside the fact that this grievance did not complain about the transfer itself or retaliation, the damage-to-property grievance was returned to Mr. Adams the same day it was received because he "had failed to attach the underlying [and procedurally required] Request to Staff." R. Vol. 1 at 80.

Assuming for argument that this grievance can be read to complain about the transfer and alleged retaliation, there is no evidence that Mr. Adams did anything to comply with the prison's grievance procedure and resubmit this or any other grievance to the proper personnel. Mr. Adams admits this failure, but argues that the transfer-claim defendants "failed to establish that their actions were consistent with [Oklahoma Department of Corrections] policies and that their actions [were] in the best interest of the facility." Aplt. Opening Br. at 17. Whether proper *transfer* procedures were followed is irrelevant. The relevant procedures at issue are

- 6 -

*grievance* procedures. The undisputed evidence is that Mr. Adams did not follow the grievance procedures, and he therefore failed to exhaust his administrative remedies.

*The Motions*

As his final arguments, Mr. Adams maintains that the district court erred in denying three motions. First, he argues that the district court erred in denying his motion for production of documents under Fed. R. Civ. P. 34, in which he requested documents regarding the transfer. The court found these documents were provided to Mr. Adams as part of the transfer-claim defendants' motion for summary judgment and denied the motion.

On appeal, Mr. Adams does not deny receiving the documents. He argues that a formal response was nonetheless required. "We review discovery rulings, [including the denial of a motion to compel] for an abuse of discretion." *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999). We find no abuse of discretion here.

Next, Mr. Adams maintains the district court erred in denying his motion for a physical examination. Federal Rule of Civil Procedure 35(a)(1) and (2)(A) provides that upon a showing of good cause, the court may order a party whose physical condition is in controversy to submit to a physical examination. "We review this ruling for abuse of discretion." *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997).

Mr. Adams's physical condition is not in controversy. It is obviously irrelevant to his transfer and retaliation claims, and equally irrelevant to his deliberate indifference claim because it has nothing to do with the medical claim regarding the defendants' state of mind. Even if an independent examination yielded a different diagnosis, negligent diagnosis does not rise to a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Sealock*, 218 F.3d at 1211. Accordingly, there was no abuse of discretion.

Last, Mr. Adams argues that the district court erred in denying his motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). "We review a district court's grant of a motion for judgment on the pleadings *de novo*, using the same standard that applies to a Rule 12(b)(6) motion." *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F.App'x 750, 753 (10th Cir. 2013). "[W]e accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id.* A motion for judgment on the pleadings "should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2004). Because Mr. Adams was not entitled to judgment as a matter of law, the court correctly denied his Rule 12(c) motion.

The judgment of the district court is affirmed.

Entered for the Court


John C. Porfilio
Circuit Judge