**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JECKONIAS N. MURAGARA,

      Plaintiff - Appellant,

v.

MACKENZIE PLACE UNION, LLC.,
d/b/a The Mackenzie Place-Colorado
Springs,

      Defendant - Appellee.

No. 14-1263
(D.C. No. 1:12-CV-00891-MSK-BNB)
(D. Colo.)

---

**ORDER***

---

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

In this employment discrimination case, the district court resolved Jeckonias

N. Muragara's claims in favor of his former employer, MacKenzie Place Union,

LLC. Specifically, the district court granted MacKenzie's motion for summary

judgment as to Mr. Muragara's hostile-work environment and disparate-treatment

---

\*     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims, and it entered judgment against Mr. Muragara on his retaliation claim following a bench trial. Nonetheless, the district court granted Mr. Muragara's motion to proceed in forma pauperis.

Proceeding pro se, Mr. Muragara now appeals. MacKenzie has filed a motion to dismiss the appeal on the basis that Mr. Muragara has failed to argue adequate grounds for reversal. We agree with MacKenzie.

Mr. Muragara has not identified what district court rulings he is challenging on appeal and he fails to include any citations to the district court record. His opening and reply briefs contain next to no discussion of the circumstances of his case and no pertinent legal arguments. Indeed, his only contention appears to be that the district court should be "given a second chance to trier [sic] this case" so he can "elaborate, clarify, and convince or show th[e] courtroom judge that [he] was mistreated, harassed and bullied by his coworkers." Opening Br. at 3, 4. Further, his briefs contain references to another company's denial of his worker's-compensation benefits and to the authoritarian regime of a former Congolese president.

Under Federal Rule of Appellate Procedure 28, the appellant's opening brief must contain a statement of the issues; a concise statement of the case; a summary of the arguments; and the actual arguments, including "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a). Although we construe a pro se litigant's filings liberally, the requirements of Rule 28(a) "appl[y] equally to pro se litigants."

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840, 841 (10th Cir. 2005) (internal quotation marks omitted).  This "court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* at 840.  Thus, an appellant who fails to raise arguments or present them adequately in the opening brief on appeal forfeits appellate review.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104-05 (10th Cir. 2007).  Further, an appeal lacking an arguable basis in either law or fact is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).

Because Mr. Muragara has failed to comply with Rule 28 and he has offered no specific, relevant argument explaining why the district court's rulings are erroneous, we conclude that he has forfeited appellate review and that the appeal is frivolous.

Accordingly, we grant MacKenzie's motion and dismiss this appeal.

Entered for the Court


John C. Porfilio
Circuit Judge