

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2008

# Laufgas v. Speziale

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Laufgas v. Speziale" (2008). *2008 Decisions.* Paper 1644.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1644

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5062

BERNARD LAUFGAS,
                                        Appellant
                    v.

JERRY SPEZIALE, (INDIVIDUALLY & UNDER COLOR OF LAW);
CHARLES S. MEYERS, (INDIVIDUALLY & UNDER COLOR OF LAW);
BRIAN S. BENDEL, (INDIVIDUALLY & UNDER COLOR OF LAW);
M.D. MAGDY WAHBA, (INDIVIDUALLY & UNDER COLOR OF LAW);
HECTOR HERNANDEZ, (INDIVIDUALLY & UNDER COLOR OF LAW);
OMBUDSMAN, (INDIVIDUALLY & UNDER COLOR OF LAW, A FICTITIOUS
NAME FOR DESIGNATED EMPLOYED AS OMBUDSMAN AT THE PASSAIC
COUNTY JAIL); REGISTERED DIETICIAN, (INDIVIDUALLY & UNDER COLOR
OF LAW, A FICTITIOUS NAME FOR DESIGNATED EMPLOYEES AS THE
REGISTERED DIETICIAN IN THE PASSAIC COUNTY JAIL); MEDICAL STAFF,
(INDIVIDUALLY & UNDER COLOR OF LAW, A FICTITIOUS NAME FOR
EMPLOYEES & OR AGENTS OR SERVANTS OF DEFENDANT, AT THE PASSAIC
COUNTY JAIL); COUNTY OF PASSAIC, (INDIVIDUALLY & UNDER COLOR OF
LAW); SO HEE YOUNG, (EMPLOYED BY ST. MARY'S HOSPITAL); LIBRADA N.
LISING, (AN EMPLOYED OF ST. MARY'S HOSPITAL); STAFF MEMBERS, (A
FICTITIOUS NAME FOR DESIGNATED EMPLOYEES MEMBERS IN THEIR
FUNCTION AT ST. MARY'S HOSPITAL); ST. MARY'S HOSPITAL

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 04-cv-01697)
District Judge: Honorable Peter G. Sheridan

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2008

Before: SLOVITER, BARRY and GREENBERG, Circuit Judges

OPINION

PER CURIAM

Bernard Laufgas appeals pro se from the District Court's entry of partial summary judgment and from its entry of judgment on a jury verdict. For the reasons that follow, we will affirm.[1]

I.

This matter arises from Laufgas's four-month incarceration at the Passaic County Adult Correctional Institution, where he was serving a sentence for contempt of court during Chancery Division proceedings not relevant to the present appeal.[2]

Prior to his incarceration, Laufgas sent a letter to the Warden of the Passaic County jail to notify the prison of his special needs. In the letter, Laufgas provided his physician's name, listed his daily medications and dietary restrictions, and indicated that he would need access to the prison law library. Laufgas further noted that, "[i]f for some reason you will deny me those basic Constitutional rights, I assure you, once I get out I will institute legal action in the United States District Court against each of you, your

---

[1]We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2]The full history of the underlying action is set forth in Amoresano v. Laufgas, 796 A.2d 164 (N.J. 2002).

department, and Passaic County." (Compl., at Ex. A.)

Laufgas's sentence began on February 8, 2002. Immediately upon his arrival at the Passaic County prison, Laufgas was dissatisfied with the conditions of his confinement. His primary complaint was that the prison failed to provide him with meals tailored to his medical conditions; according to Laufgas, he could not tolerate salt, fried foods, milk, eggs, coffee, or sugar. Because the Passaic County defendants failed to meet these restrictions, Laufgas commenced a hunger and medication strike that lasted for several days. In the following weeks, Laufgas carried out two more hunger and medication strikes. After Laufgas's third strike, prison officials took Laufgas to St. Mary's Hospital for a psychiatric evaluation.[3]

Over the course of his incarceration, Laufgas lodged various additional complaints, including complaints about the law library, his prison cell, and his telephone access. In the end, Laufgas filed approximately 150 Ombudsman Request Forms demanding various personal items, privileges, or other treatment. Laufgas was released on April 14, 2002.

II.

On April 15, 2004, Laufgas filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey concerning the treatment he received at the Passaic County jail. The complaint named as defendants the following Passaic County employees: Jerry Speziale, Passaic County Sheriff; Charles S. Meyers,

---

[3]Laufgas was temporarily transferred to the Ann Klein Forensic Center before he returned to the Passaic County jail.

prison warden; Brian S. Bendel, deputy warden; Officer Hector Hernandez; and Magdy Wahba, Director and Head Physician (the "Passaic County defendants").  The complaint also named as defendants St. Mary's Hospital and two doctors at St. Mary's Hospital's Psychiatric Emergency Services (the "St. Mary's defendants").[4]

In the complaint, Laufgas first alleged that prison officials were deliberately indifferent to his needs by: failing to honor his dietary restrictions; failing to provide two hot meals a day; housing him in unsanitary conditions; denying him use of his pre-paid phone card; subjecting him to second-hand smoke; depriving him of recreational facilities; depriving him of proper bedding; depriving him of a shower and clean clothing; and disposing of his personal belongings.  Next, Laufgas alleged that his constitutional rights were violated when he—a Jewish individual—was housed with individuals from Arab countries and of Muslim faith.  Laufgas further alleged that he was deprived of his right of access to the courts because he was prevented from using the law library, the law library was "outdated," and he was denied use of his pre-paid phone card.  In a related claim, Laufgas alleged that his incoming mail was censored.  Next, Laufgas stated claims for "ombudsman abuse" and "denial of request for indigent status."  In his final three claims, Laufgas alleged that he was forced to undergo an unwarranted psychiatric evaluation, that the prison had conspired with St. Mary's Hospital to deprive him of his "basic human needs," and that various supervisory employees at the prison were liable for

---

[4]Laufgas also named several fictitious parties as defendants.

the alleged constitutional violations under a theory of respondeat superior.

After discovery had been completed, the Passaic County defendants filed a motion for summary judgment. On August 31, 2006, following oral argument, the District Court entered an order granting in part and denying in part the motion. Specifically, the District Court dismissed with prejudice 13 of Laufgas's 17 claims, but permitted four claims to proceed. (App. at pp. 3-25.) Soon thereafter, the District Court dismissed the St. Mary's defendants from the suit.[5] (App. at pp. 29-33.)

On October 30, 2006, a jury trial commenced on Laufgas's remaining claims, which appear to have been condensed into the following two issues: (1) whether the Passaic County defendants acted with deliberate indifference and deprived Laufgas of a special diet for his medical condition; (2) whether the Passaic County defendants seriously deprived Laufgas of basic human necessities while incarcerated. (Verdict Sheet.) On November 8, 2006, following a four-day trial, the jury returned a verdict of "no cause for action" in favor of the defendants. The present appeal followed.

III.

A.    Claims Dismissed on Summary Judgment

Laufgas first appeals from the District Court's August 31, 2006 summary judgment order dismissing the majority of his claims. In its opinion, the District Court

---

[5] Laufgas does not refer to this order in his notice of appeal or otherwise challenge it in his appellate brief. Accordingly, we will not review the District Court's order dismissing the St. Mary's defendants from the case.

found that Laufgas failed to provide sufficient evidence to withstand summary judgment on his claims that the Passaic County defendants violated his constitutional rights when they: interfered with his access to the courts; exposed him to second-hand smoke; and housed him with individuals from Arab countries and of Muslim faith. Next, the District Court dismissed as frivolous Laufgas's claims that the Passaic County defendants violated his constitutional rights when they: failed to provide him two hot meals a day; deprived him of his personal property; subjected him to an unwarranted psychiatric evaluation; precluded him from using pre-paid phone cards to telephone home; denied him use of recreational facilities; and generally conspired with St. Mary's Hospital to deprive him of his constitutional rights. The District Court also dismissed Laufgas's claims for "ombudsman abuse," "denial of request for indigent form," and "superior respondent" on the ground that they were not separate causes of action.

We review a District Court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994) (internal quotations omitted). We agree with the District Court's

6

reasons for dismissing all of these claims, and will only summarize them here.

First, the District Court properly entered summary judgment against Laufgas on his access to the courts claim. In the complaint, Laufgas alleged that he was unable to submit a timely brief in his pending habeas action because he was prevented from using the law library, the library collection was "outdated," he was denied use of his pre-paid phone card, and because the prison prevented him from receiving the paper and pencils that a friend had mailed to him.[6] According to Laufgas, this amounted to interference with his constitutional right of access to the courts.

In order to survive summary judgment, however, Laufgas had to provide evidence that he was actually injured by the Passaic County defendants' alleged interference. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996). Actual injury can be demonstrated by showing that the defendants' action hindered the prisoner's ability to pursue a legal claim. Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997) (internal quotations omitted). Laufgas failed to provide any evidence that Judge Bassler's decision to dismiss Laufgas's habeas petition was impacted by the belated filing of Laufgas's brief. To the contrary, Judge Bassler dismissed the petition because it wholly lacked merit. Therefore, we believe the District Court properly granted summary judgment on this claim.[7]

---

[6]The District Court treated Laufgas's mail censorship claim as part of his claim that he was denied access to the courts.

[7]The record shows that Laufgas was able to correspond with Judge Bassler throughout his incarceration to complain of his inability to file his brief on time. Indeed, due to Laufgas's complaints, Judge Bassler granted him an extension and then issued an order

We also agree with the District Court that Laufgas failed to provide a sufficient evidentiary basis on which a jury could find in his favor on his allegation that he had been harmfully exposed to second-hand cigarette smoke.  In order to withstand summary judgment on this claim, Laufgas had to create a genuine issue of fact as to whether he was being exposed to dangerously high levels of environmental tobacco smoke, and whether prison authorities were deliberately indifferent to his exposure.  See Helling v. McKinney, 509 U.S. 25, 35-37 (1993).  As the District Court found, Laufgas failed to offer any evidence to support either prong under Helling.

Next, we address Laufgas's claim that his constitutional rights were violated when he was housed with individuals from Arab countries and of Muslim faith.  According to Laufgas, the Passaic County defendants deliberately deprived him of his constitutional rights when they placed him with "detainees from Arab and or Muslim Countries, in a hostile environment, since Plaintiff is a Jew and immigrated from Israel."  (Compl. at ¶ 305.)  Although prison authorities may, in very limited circumstances, "take into account racial tensions in maintaining security, discipline, and good order in prisons and jails," Johnson v. California, 543 U.S. 499, 506-07 (2005) (internal quotation omitted), Laufgas failed to provide any evidence that the Passaic County defendants had reason to believe that segregation was appropriate here.  Therefore, we agree with the District Court that the Passaic County defendants were entitled to summary judgment on this claim as well.

_____

directing the prison to permit him to use the law library.

We also agree with the District Court's dismissal of Laufgas's claim that the prison's failure to provide two hot meals a day constituted a violation of his constitutional rights. As the District Court stated, while prisoners are guaranteed a nutritionally adequate diet under the Eighth Amendment, see Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980), there is no constitutional right to hot meals. See Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir. 1992) (finding frivolous prisoner's claim that his constitutional rights were violated when he was served cold food).

Next, the District Court properly dismissed Laufgas's claim that prison officials impermissibly disposed of his personal property, as a prisoner's cause of action based on unauthorized deprivation of property by a state actor is not actionable under section 1983 unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). As noted by the District Court, Laufgas failed to show that a conversion claim under state law would have provided an inadequate remedy.

The District Court also correctly concluded that the Passaic County defendants were entitled to qualified immunity for their decision to take Laufgas to St. Mary's Hospital for a psychological evaluation. A government official is entitled to qualified immunity if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000) (internal quotations omitted). As the District Court noted, Laufgas's "indisputably strange behavior" gave prison officials ample reason to

9

request a psychiatric evaluation.

The District Court also properly dismissed Laufgas's claim that he was deprived of basic recreational facilities. The District Court concluded that although lack of physical exercise can, under certain circumstances, constitute a constitutional violation, see Peterkin v. Jeffes, 855 F.2d 1021, 1031-32 (3d Cir. 1988), Laufgas did not allege facts sufficient to make out a such a claim. Specifically, Laufgas failed to allege the amount of exercise in which he engaged, the extent to which the Passaic County defendants allegedly precluded exercise, or any specific physical injury resulting from lack of exercise. Therefore, we agree with the District Court.[8]

Accordingly, we will affirm the District Court's entry of partial summary judgment in favor of the Passaic County defendants.

B.     Claims Dismissed Pursuant to Jury Verdict

In his appellate brief, Laufgas also challenges the jury's verdict on his remaining claims. Laufgas, however, fails to specify any points of error at the trial. Rather, he merely re-argues the merits of his claims, and baldly states that the jury committed "plain error." Given that Laufgas fails to direct us to any errors, we have no reason to question the jury's verdict.

IV.

For the foregoing reasons, we will affirm the District Court's order granting partial

---

[8]As for Laufgas's remaining claims, we have carefully reviewed the record and agree with the District Court's disposition of these claims.

10

summary judgment.  We will also affirm the District Court's entry of judgment on the jury verdict.