FILED
United States Court of Appeals
Tenth Circuit

June 20, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MYOUN L. SAWYER,

        Plaintiff-Appellant,

v.

TAMIRA JEFFERIES, Classification
Supervisor, Wyandotte County Jail;
VICTOR CHAVEZ, Detective and/or
Investigator, Wyandotte County Jail;
RANDALL HENDERSON, Jail
Administrator, Wyandotte County Jail;
and LEROY GREEN, JR., Sheriff,
Wyandotte County Sheriff's
Department,

        Defendants-Appellees.

No. 08-3067

(D. of Kan.)

(D.C. No. 08-CV-3016-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Myoun L. Sawyer appeals the district court's *sua sponte* dismissal of his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

pro se complaint.[1]  In the complaint, Sawyer alleged Defendants—jail and the

sheriff's office employees in Wyandotte County, Kansas—violated several of his

constitutional rights during Sawyer's confinement in a county jail.  Because

Sawyer proceeded *in forma pauperis* (IFP) and was subject to 28 U.S.C.

§ 1915(e)(2)(B)(ii) requirements, the district court *sua sponte* dismissed the

complaint for failure to state a claim.

We agree with the district court's reasoning and therefore DISMISS this

appeal.

## I.  Background

Sawyer's 42 U.S.C. § 1983 complaint alleges violations of several of his

constitutional rights, all stemming from the following incidents.

In August and October 2006, Sawyer, while incarcerated in a county jail on

felony charges, received citations for indecent exposure, a minor violation under

jail rules.  On both occasions, however, Classification Supervisor Tamira Jefferies

imposed a 30-day segregation, a level of punishment jail rules reserve for major

violations.  Jefferies explained she upgraded the sanctions because of prior

instances of similar violations by Sawyer.  For these two incidents, plus six

others, Sawyer was charged in November 2006 with eight misdemeanor counts of

lewd and lascivious behavior, Kan. Stat. Ann. § 21-3508(a)(2).

---

[1] Because Sawyer is proceeding pro se, we review his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As of February 2007, Sawyer was no longer in custody on the earlier felony charges. Only misdemeanor charges remained. Despite this, Jefferies did not reclassify Sawyer's status and allowed him to remain in maximum custody. While in maximum custody, Jefferies was attacked by another inmate and suffered a broken jaw.

In September 2007, Sawyer complained to the sheriff's office about jail administration. In response, Detective Victor Chavez interviewed Sawyer, took a formal statement, and allowed him to fill out a complaint. Chavez then left the papers with Sawyer, promising to pick them up the next day as well as to bring Sawyer more forms for additional complaints. When Chavez failed to return, Sawyer filed grievances with Jefferies, Jail Administrator Randall Henderson, and Sheriff Leroy Green, Jr.

Lastly, in October 2007, Sawyer apparently threw a meal tray at a jail deputy. As a result, he was sanctioned with a loss of hot meal privileges. For approximately two weeks, Sawyer received only bagged cold meals.

## II. Discussion

Sawyer proceeded IFP below and is thus subject to the requirements of 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(ii), district courts must dismiss an IFP complaint if it "fails to state a claim on which relief may be granted."

We review de novo the district court's decision to dismiss an IFP complaint under § 1915(e)(2)(B)(ii). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (quotation omitted). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quotation omitted).

Construing Sawyer's complaint liberally, as we must, it can be read as alleging the following claims: double jeopardy, discrimination, due process violation, deliberate indifference, denial of access to the courts, and cruel and unusual punishment. We discuss each claim in turn. In the end, we agree Sawyer's complaint must be dismissed for failure to state a claim.

**A. Double Jeopardy**

Sawyer's double jeopardy claim rests on his twice receiving sanctions for the August and October 2006 incidents of indecent exposure—first via administrative sanctions imposed by jail authorities and then again via criminal misdemeanor charges by a district attorney. This claim fails. "Because the Double Jeopardy clause applies [only] to proceedings that are essentially criminal in nature, . . . it is well established that prison disciplinary sanctions . . . do not implicate double jeopardy protections." *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (citing *Breed v. Jones*, 421 U.S. 519, 528 (1975)) (quotations

omitted).  Sawyer cannot count his administrative sanctions for the purpose of double jeopardy analysis.

**B.  Discrimination**

Sawyer next claims he was a victim of selective prosecution and invidious discrimination when he was punished with a 30-day segregation for minor violations, allegedly contrary to the jail rules.  His claim amounts to an argument that he was denied equal protection by being treated differently than other inmates.  To succeed on this claim, Sawyer has to show (1) he was being treated differently from *similarly situated inmates*, and (2) the difference in treatment was not "reasonably related to legitimate penological interests."  *Id.* at 1261 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Sawyer cannot succeed on this claim for the simple reason that he, unlike the general jail population, was "deemed a chronic discipline problem."  R., Doc. 1, Ex. 12.  He appeared to repeatedly expose himself in the presence of female guards.  Because prison administrators enjoy broad discretion in determining which inmates warrant administrative segregation—and for how long—we cannot say "there are no relevant differences between [Sawyer] and other inmates that reasonably might account for their different treatment."  *Fogle*, 435 F.3d at 1261 (quotation omitted).

Sawyer's equal protection claim thus fails.

## C. Due Process Violation

Apart from his equal protection challenge, Sawyer appears to argue he was deprived of liberty without due process when, after his felony charges were resolved and only misdemeanor charges remained, Jefferies failed to reclassify him and remove him from maximum custody. "Changing an inmate's prison classification," however, "ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Thus, without more, Sawyer does not have a due process liberty interest in a particular prison classification. That an inmate like Sawyer, who had chronic discipline problems, continued to reside in maximum custody when only misdemeanor (not felony) charges remained does not state a due process claim.

## D. Deliberate Indifference

Sawyer alleges that an unprovoked attack against him by another inmate in the maximum custody unit amounts to a breach of jail administrators' duty to protect him. "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners," and a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Benefield v. McDowall*, 241 F.3d 1267, 1270–71 (10th Cir. 2001) (brackets and ellipsis omitted) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828, 833 (1994)). Inmates state a cognizable failure to protect claim only when they show (1) they

were incarcerated "under conditions posing a substantial risk of serious harm, the objective component," and (2) "the prison official was deliberately indifferent to [inmates'] safety, the subjective component." *Id.* at 1271 (quotation omitted).

This claim fails because Sawyer does not allege jail administrators knew of and disregarded an excessive risk to his health or safety. *See Farmer*, 511 U.S. at 837 (holding "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety"). At most, Sawyer's allegations might support a claim of negligence by jail administration, but negligence is not enough for constitutional liability. *See Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (explaining that deliberate indifference is a higher degree of fault than even gross negligence, let alone ordinary negligence). Sawyer alleges nothing more than an unprovoked attack by another inmate. Nothing in the record suggests jail administrators knew of and disregarded the risk that such an attack might occur. They thus were not deliberately indifferent to Sawyer's safety, at least not in the constitutional sense.

**E.  Denial of Access to the Courts**

Sawyer alleges his constitutional rights were violated when Chavez failed to return to pick up Sawyer's complaint against jail administration. We agree with the district court's interpretation of this allegation as an attempt to state a violation of Sawyer's right to access the courts. But while such a right certainly

exists under the First and Fourteenth Amendments, *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)), we do not see how it was violated in this case. Sawyer was able, without any apparent impediment, to file the instant § 1983 complaint, which contains all the allegations (and more) he wanted to bring to Chavez's attention. We are thus unable to see what consequences Chavez's failure to return had on Sawyer's right of access to the courts. Accordingly, this claim fails.

### F. Cruel and Unusual Punishment

Finally, Sawyer challenges deprivation of hot meals as a sanction for throwing a meal tray at a deputy. However, "while prisoners are guaranteed a nutritionally adequate diet under the Eighth Amendment, . . . there is no constitutional right to hot meals." *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008) (citing *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)); *see also Hoitt v. Vitek*, 497 F.2d 598, 601 (1st Cir. 1974) (explaining the constitutional requirement of adequate food in prisons does not include a right to hot meals). Because Sawyer does not allege the cold meals were nutritionally inadequate, this claim also must fail.

## III. Conclusion

For the foregoing reasons, we DISMISS Sawyer's appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge