**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

EDRICK LADON MCCARTY,

    Plaintiff - Appellant,

v.

ARAMARK; EL DORADO
CORRECTIONAL FACILITY,

    Defendants - Appellees.

No. 22-3035
(D.C. No. 5:22-CV-03025-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Edrick McCarty, a state prisoner proceeding pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In February 2022, Mr. McCarty, an inmate at the El Dorado Correctional

Facility (EDCF) in El Dorado, Kansas, filed a complaint in the United States District

Court for the District of Kansas against defendant Aramark. It alleged that he "was a

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

binge and purger as a child so [he] was with hemorrhoids so [he] had a sensitive bowel system too." R., Vol. I at 5. It further alleged that spicy, low-quality food from Aramark, which was the sole food provider at his prison, had violated his Eighth Amendment rights by causing him "painful defecating and wipeing [sic]" since 2018. *Id.* The complaint sought $37,000 for pain and suffering.

The district court screened Mr. McCarty's complaint under 28 U.S.C. § 1915A and construed it as asserting an Eighth Amendment conditions-of-confinement claim under 42 U.S.C. § 1983. The court then identified several deficiencies in the complaint: (1) Mr. McCarty "fail[ed] to allege a sufficiently serious deprivation or facts showing he is incarcerated under conditions posing a substantial risk of serious harm," noting that he had not indicated "that he is on a medically-ordered diet or that he attempted to seek relief through the facility"; (2) he failed to "allege facts showing a policy or a custom of Aramark that caused his injury"; and (3) he sought relief for mental or emotional injury without alleging a physical injury and thus was barred from seeking compensatory damages under 42 U.S.C. § 1997e(e). *Id.* at 14–15 (internal quotation marks omitted). The district court directed Mr. McCarty to show cause why his complaint should not be dismissed and gave him the opportunity to file an amended complaint to cure the deficiencies. Mr. McCarty then filed an amended complaint that added allegations that Aramark offered high-quality food at a price that he could not afford, named EDCF as a second defendant, and requested $50,000 in damages.

The district court dismissed the matter, determining that the amended complaint failed to cure the previously identified deficiencies and that EDCF was not a proper defendant because it was not "a 'person' subject to suit for money damages under § 1983." *Id.* at 25. We review de novo the district court's dismissal of Mr. McCarty's complaint for failure to state a claim. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).

"Prison officials must ensure inmates receive the basic necessities of nutritionally adequate food." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (brackets and internal quotation marks omitted). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).

In our view, however, the district court correctly decided that the complaint does not adequately allege an Eighth Amendment violation. Although it claims that the food provided by Aramark was low-quality and spicy, it does not allege that it has been nutritionally inadequate or that it has suffered from some other serious deficiency.[1] *See Sawyer v. Jefferies*, 315 F. App'x 31, 35 (10th Cir. 2008) (rejecting Eighth Amendment claim where plaintiff did "not allege [his] cold meals were nutritionally inadequate"). Nor does it claim that the food is spoiled or that he has

---

[1] Mr. McCarty's brief on appeal repeatedly claims that his food contains "not for human use" meat. Aplt. Br. at 2–3. But he did not make this allegation in his amended complaint. "[W]e will not consider arguments on appeal not tied to the allegations in the complaint." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

been deprived of an adequate amount of food. *Cf. Womble v. Chrisman*, 770 F. App'x 918, 923 (10th Cir. 2019) (sufficiently serious deprivation where plaintiff "alleged that he was continually served inadequate amounts of food, that he was served spoiled food on a regular basis, and that he became ill and lost 21 pounds" over a 16-month period). The complaint suggests that he has an especially sensitive digestive system, but it does not allege that he has been denied a special diet requested by him or a health-care provider. *Cf. Thompson*, 289 F.3d at 1222 (stating that "the need for a special diet that is medically necessary could be the objective basis for a claim").

We also agree with the district court that EDCF was not a proper defendant in this § 1983 lawsuit. *See Stone v. Jefferson Cnty. Detention Facility*, 838 F. App'x 348, 350 (10th Cir. 2020) (detention facility is "not [a] suable entit[y] under § 1983" (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). And in any event Mr. McCarty has provided no argument regarding EDCF's liability in his brief on appeal, focusing solely on Aramark.

We **AFFIRM** the judgment of the district court. We **GRANT** Mr. McCarty's motion to proceed in forma pauperis on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid.

Entered for the Court

Harris L Hartz
Circuit Judge