**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERIC FLORES,

Plaintiff-Appellant,

v.

UNITED STATES ATTORNEY
GENERAL, UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, and SIERRA
MEDICAL CENTER,

Defendants-Appellants.

No. 11-1277

(D. of Colo.)

(D.C. No. 1:11-CV-01036-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Plaintiff-Appellant Eric Flores filed a *pro se* suit in the District of

Colorado, alleging government agents and foreign diplomatic officials used high-

tech satellites to torture him and members of his family. The district court denied

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

his claims as frivolous. Exercising our jurisdiction under 28 U.S.C. § 1291, we

AFFIRM the decision of the district court.

## I. Background

Flores is a Colorado state prisoner incarcerated at the Pueblo County Jail.

He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28

U.S.C. § 1343 and 42 U.S.C. § 1983 in the District of Colorado. The district

court dismissed his complaint on the grounds that it was legally frivolous. Flores

filed this appeal, along with a motion to proceed *in forma pauperis*. He also filed

a "Notice for Leave to Proceed Informa Pauperis on Petition for Writ of Certiorari

to the United States Supreme Court Before a Judgment is Entered in the United

States Court of Appeals for the Tenth Circuit." Because we construe complaints

from *pro se* litigants liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991), we interpret his notice as a motion for leave to proceed *in forma pauperis*

on a 28 U.S.C. § 2101(e) motion.

## II. Discussion

Flores alleges federal employees have violated his constitutional rights and

those of his family members. In his brief he alleges:

> The plaintiff is proceeding informa pauperis and pro se as a
> representative party on behalf of his immediate relatives to complain
> against diplomatic persons of another nation that have solicited an
> organized group of executive employees of the federal government
> that are persons of white American national origin whom reside in
> the geographic location of Denver Colorado, to use advanced
> technology with a direct signal to the satellite in outerspace that has

the capability of calculateing [sic] a genetic code to cause the plaintiff and his immediate relatives whom are designated as a protected class of Mexican American citizens of the United States that reside in the geographic location of El Paso Texas, severe pain for long durations exceeding calendar years which was equivalent in intensity to organ failure or impairment of body functions resulting in the wrongful death of Jorge Salas, Mary Salas, and Javier Flores Junior the deceased members of this cause of action.

Aplt. Br. at 12.

Flores also alleges the government used the technology to control and harm his family members. *Id.* at 13–14. He claims that,

on June 17, 2011 the complained about executive employees of the federal government simulated the legal process to deprive the plaintiff and his immediate relatives of equal protection of law by electronically fileing [sic] frivolous documents resembleing [sic] legitimate court actions which falsely portrayed to dismiss the plaintiffs complaint to cause the clerk to close the case.

*Id.* at 11. June 17 is the date the district court's judgment was entered.

Flores requests the following avenues of relief. First, a preliminary injunction to prevent federal employees from further torturing Flores and his family. Second, a certification of this case to the United States Supreme Court before this court rules on the merits. Third, a remand to the district court with instructions to determine whether a permanent injunction is warranted.

Eighteen U.S.C. § 1915(e)(2)(B)(i) requires us to dismiss a case filed *in forma pauperis* that is "frivolous." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A case is not frivolous simply because it alleges facts that are "unlikely."

-3-

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Rather, the facts alleged must "rise to the level of the irrational or the wholly incredible," *id.*, or depict "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 328.

Flores's complaint rises to this level. The district court did not err in dismissing the complaint as legally frivolous.

We advise Flores that the district court's dismissal for frivolousness counts as a "prior occasion" or "strike," under 18 U.S.C. § 1915(g). Flores "is reminded that if he accrues three strikes, he will no longer be able to proceed *in forma pauperis* in any civil action filed in a federal court unless he is in imminent danger of physical injury." *Thompson v. Gibson*, 289 F.3d 1218, 1223 (10th Cir. 2002) (citing § 1915(g)).

## III. Conclusion

Because Flores's complaint is frivolous, the judgment of the district court is AFFIRMED, and his motion to proceed *in forma pauperis* is DENIED. Flores is directed to pay the entire filing fee immediately. His motion to proceed *in forma pauperis* on a 28 U.S.C. § 2101(e) motion is DISMISSED as moot because this court has now entered a judgment.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-4-