FILED
United States Court of Appeals
Tenth Circuit

September 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC FLORES,

      Plaintiff – Appellant,

v.

UNITED STATES ATTORNEY
GENERAL; UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES; SIERRA
MEDICAL CENTER,

      Defendants – Appellees.

No. 13-6126
(D.C. No. 5:13-CV-00263-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

    Eric Flores, proceeding pro se, appeals from the district court's order dismissing

---

    * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).   The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

his putative class action alleging that various government agents and foreign diplomats conspired to torture him and his immediate family using satellites. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

**I**

As the district court recognized, we have already affirmed the dismissal of a similar suit filed by Mr. Flores. See Flores v. U.S. Att'y Gen., 442 F. App'x 383 (10th Cir. 2011) (dismissing as frivolous suit that alleged use of satellites to torture Flores and his family). In this case, Flores alleges that the government and its employees are using advanced satellite technology capable of targeting specific genetic material to torture him and his immediate family, causing severe and long-lasting pain. On appeal, Flores adds allegations that either an antigovernment group or agents of the Attorney General have manipulated the court's docketing system by filing false documents purporting to be from the court, thereby inhibiting an investigation of the alleged killers of his immediate relatives. Flores seeks a show cause order against the Attorney General of the United States for information regarding the use of the satellites to harm Flores and his family, a pretrial discovery order for records of the autopsy of family members, a preliminary injunction prohibiting further torture of Flores and his family members, and certification of his case to the Supreme Court of the United States.

## II

A district court must dismiss a "frivolous" suit filed in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A case is not frivolous simply because it alleges facts that are "unlikely." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Rather, the facts alleged must "rise to the level of the irrational or the wholly incredible," id., or depict "fantastic or delusional scenarios," Neitzke, 490 U.S. at 328.

We generally review a district court's dismissal for frivolousness under § 1915(e) for abuse of discretion. Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). However, if the "determination turns on an issue of law," our review is de novo. Id. Courts are not required to accept all factual allegations as true in reviewing a complaint under § 1915, but our assessment of the allegations "must be weighted in favor of the plaintiff." Denton, 504 U.S. at 32. We construe Flores's pro se filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Flores's complaint was properly dismissed. Numerous courts have dismissed similar complaints filed by Flores. See Flores v. El Paso Police Dep't, No. EP-11-CV-307-PRM, 2011 WL 3666711, at *1 & n.2 (W.D. Tex. July 28, 2011) (unpublished) (noting Flores's history of frivolous complaints). At least three other district courts have dismissed complaints filed by Flores for frivolousness since the district court order in this case. See Flores v. U.S. Dep't of Health and Human Servs., No. 12-1377-LPS, 2013 WL

3949000 (D. Del. July 29, 2013) (unpublished); <u>Flores v. U.S. Att'y Gen.</u>, No. 13-cv-1-SM, 2013 WL 3190573 (D.N.H. June 20, 2013) (unpublished); <u>Flores v. U.S. Att'y Gen.</u>, No. 4:13CV00525 ERW, 2013 WL 1580099 (E.D. Mo. Apr. 15, 2013) (unpublished). We conclude that the district court did not err in determining that Flores's complaint "lacks an arguable basis either in law or in fact." <u>Neitzke</u>, 490 U.S. at 325.

## III

We **AFFIRM** the judgment of the district court. Because Flores has not advanced a reasoned, nonfrivolous argument on appeal, his motion to proceed in forma pauperis is **DENIED**. <u>See</u> <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991). Flores is directed to make full payment of the appellate filing fee immediately.

Entered for the Court

Carlos F. Lucero
Circuit Judge