FILED
United States Court of Appeals
Tenth Circuit

July 14, 2021

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ANDREW REDICK,

    Plaintiff - Appellant,

v.

KVC BEHAVIORAL HEALTHCARE,
INC., corporate entity for the State of
Kansas; JASON R. HOOPER, President
and Chief Officer, KVC Behavioral
Healthcare, Inc., in his official and
individual capacity; ALICIA BROWN,
Case Coordinator, KVC Behavioral
Healthcare, Inc., in her official and
individual capacity; SHARON PERKINS,
Case Coordinator, KVC Behavioral
Healthcare, Inc., in her official and
individual capacity; SAMANTHA
ZELLER, Case Coordinator, KVC
Behavioral Healthcare, Inc., in her official
and individual capacity,

    Defendants - Appellees.

No. 21-3023
(D.C. No. 5:19-CV-03129-SAC)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

_____

Pro se inmate Andrew Redick appeals the district court's dismissal of his 42 U.S.C. § 1983 claims. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**I.**

Redick is a Kansas state prisoner with two minor children. A few years into Redick's term of incarceration, his wife lost custody of them. KVC Behavioral Healthcare, Inc. stepped in to manage the children's placement, reintegration, and eventual adoption. KVC is a private child placement agency licensed by the Kansas Department of Children and Families.

Redick filed a § 1983 complaint in the district court seeking declaratory relief and damages against KVC, its president, and three case coordinators. The crux of Redick's complaint, which contained several claims falling under a variety of constitutional amendments, is that the defendants in this case violated his constitutional rights by failing to provide him with custodial status updates about his children.

In screening, the district court ordered Redick to show cause for why his complaint should not be dismissed for lack of jurisdiction. The court noted multiple legal issues with Redick's complaint, including that the domestic-relations exception to federal jurisdiction bars Redick's custodial-status claims and that Redick failed to prove any of the named defendants in this case can be treated as state actors for § 1983 purposes.

Redick's response repeated the facts from his initial complaint and ignored the legal issues raised by the court. It also disclosed that Redick had previously presented his custodial-status claims in state court. ROA at 31 ("This issue was addressed by the plaintiff, Mr. Redick, Wayne French attorney at law, plaintiff attorney, and by the presiding Judge on several occasions at court."). Redick confirmed that in subsequent filings, as well. *See id.* at 36 ("The courts have this on record that the plaintiff emotionally addressed the court, the attorneys addressed the defendants and even the judge addressed the problem . . ."); *id.* at 46 (attaching correspondence with a Kansas district court implying the court previously ordered KVC to provide Redick with status updates about his children).

Accordingly, the district court dismissed Redick's complaint for the reasons given in its order to show cause and added that the *Rooker-Feldman* doctrine[1] bars his action since it appears to challenge a state-court decision. Redick filed a "motion to object [to] dismissal and request to add additional jurisdictional statutes," *id.* at 52, which the court construed as a Rule 59(e) motion and denied. This appeal followed.

## II.

We review de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). Although we liberally construe Redick's pleadings because he

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

appears pro se, we will not assume the role of his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On appeal, Redick contends that the district court erred in dismissing his claims, but he offers no legal argument to explain why he believes the court should have found jurisdiction. In fact, his brief again confirms that a state court has already considered the custody issue. Aplt. Br. at 2 (stating the defendants violated his rights "[e]ven after the judge told them to stop"). His only argument before us is that the district court should have found "the state must follow . . . procedures when it comes to informing the child[']s parents of their wellbeing and when they fail [to] do this they violate a liberty and due process clause." *Id*. at 4.

We find no error in the district court's dismissal of Redick's claims. Under the *Rooker-Feldman* doctrine, federal "courts do not have jurisdiction over challenges to state-court decisions" or over claims that are "inextricably intertwined with the state court decision." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (quotations omitted). Since the record showed Redick's claims pertaining to the custodial status of his children had already been litigated, the district court lacked jurisdiction over them. We need not address whether the domestic-relations exception also barred jurisdiction. To the extent additional claims remained, we agree with the district court that Redick failed to demonstrate the named defendants are state actors for purposes of a § 1983 claim. *See Schwab v. Kan. Dep't of Children & Families*, No. 20-3099, 2021 WL 982246, at *17 (10th Cir. Mar. 16,

2021) (unpublished) (explaining that adoption services, including KVC, are not state actors).

Redick's appeal is "without merit in that it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). We therefore deny Redick's motion to proceed *in forma pauperis*, which requires a litigant to show a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). We also dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Redick will receive a strike pursuant to 28 U.S.C. § 1915(g).

## III.

For the foregoing reasons, we DENY Redick's request for IFP status, DISMISS his appeal, and assess a strike against him.

Entered for the Court


Allison H. Eid
Circuit Judge

5